judgment and attachment of an automobile, its return to the Tennessee seller upon the execution or promise to execute a delivery bond; the attachment of another vehicle of the same seller when no satisfaction was obtained on the judgment; a suit on a supersedeas bond, and innumerable motions and special pleadings. In a written opinion the learned Trial Judge properly cut this Gordian knot of legalistic complexity and came up with the correct answer.

The motion for an appeal is overruled, and the judgment is affirmed.

SMITH MOTOR COMPANY, Appellant,

v.

FARMERS IMPLEMENT & SUPPLY COMPANY, Appellee (and consolidated cases).

Court of Appeals of Kentucky.

Feb. 18, 1955.

Warren & Jones, Fulton, John C. Bondurant, Hickman, for appellant.

Dee L. McNeil, Hickman, F. B. Martin, Mayfield, for appellee.

PER CURIAM.

This case is before us on motion for an appeal under KRS 21.080 covering appeals of judgments of less than $2,500. The judgment appealed is for $500. There are three actions involved, but we concur with the opinion of the trial court that the three actions are really one continuous action and should be so treated. The case involved a

Phillip (Peg) WARD and Faye Ward,

v.

COMMONWEALTH of Kentucky.

Court of Appeals of Kentucky.

Feb. 18, 1955.

G. C. Perry, III, Paintsville, for appellants.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

PER CURIAM.

We are affirming the judgment in this case sentencing each of the defendants to 60 days in jail and a $100 fine on a charge of illegally selling intoxicating beverages. The alleged improper questions asked by the Commonwealth's Attorney did not constitute reversible error.

The motion for an appeal is overruled, and the judgment is affirmed.